UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
08-CR-382S

EMERSON HAYNES a/k/a
ANTHONY HAYNES,

Defendant.

## I. INTRODUCTION

On March 3, 2011, after a four-day trial, the jury returned a guilty verdict against

Defendant Emerson Haynes, also known as Anthony Haynes, on Counts 2 and 4 of a four-

count redacted indictment, which charged him with violating 21 U.S.C. § 856(a)(1)

(maintaining a drug-involved premises) and 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon

in possession of a firearm), respectively.[1]

At the conclusion of the Government's case-in-chief, Defendant moved for a

judgment of acquittal on all counts.  This Court heard oral argument from counsel and

Defendant, and reserved decision on the motion at that time.  Presently before this Court

is Defendant's post-trial motion supplementing his request for a judgment of acquittal

---

[1] The first count of the redacted Indictment charged Defendant with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (possession of marijuana with intent to distribute).  The third count of the redacted Indictment charged Defendant with violating 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime).  The jury acquitted Defendant on Counts 1 and 3.

Originally, the unredacted Indictment contained five substantive counts, plus a one-count forfeiture allegation that was not submitted to the jury.  The third count of the unredacted Indictment charged Defendant with violating 21 U.S.C. § 846 (conspiracy to commit the offenses charged in Counts 1 and 2 of the Indictment).  This Court granted the Government's motion to dismiss the original Count 3 shortly before trial on February 23, 2011.

1

pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or alternatively, seeking a new trial pursuant to Rule 33.[2]  Defendant represented himself at trial, and filed this motion *pro se*.  The Government opposes the motion.  For the reasons discussed below, Defendant's motion is denied in its entirety.


## II.  BACKGROUND[3]

The evidence at trial established that, on June 19, 2008, officers of the Buffalo Police Department executed a search warrant at 11 Northumberland Avenue, upper apartment.  When police officers entered the upper apartment residence, they observed three individuals, including Defendant.  The Government presented evidence to the jury of a utility bill recovered during the search that was addressed to Defendant at the upper apartment residence.  The Government offered testimony that, upon execution of the search warrant, police officers broke open a lock securing a front bedroom closet of the upper apartment and discovered a quantity of marijuana contained in plastic  bags, along with two firearms, concealed in the closet.  Defendant was subsequently arrested and read his Miranda rights.

Buffalo Police Officer John Poisson testified that, when he was being taken into custody, Defendant stated that he had keys to the closet containing drugs and firearms and, further, that his wife had purchased one of the firearms for him. Poisson testified that officers subsequently discovered keys that he believed to have come from Defendant's person.  The jury heard testimony that the keys matched a lock on the closet and a trigger

---

[2] The submissions relevant to this motion are docket numbers 111, 117, and 118.

[3] As counsel and Defendant did in their motion papers, this Court assumes familiarity with the pretrial proceedings and trial evidence.

lock on one of the firearms inside the closet.  To contradict this evidence, Defendant presented a document, prepared by the now-deceased officer who effectuated his arrest, indicating that Defendant made no post-arrest statements.

At trial, Poisson testified that he observed a scale in the upper apartment residence, which he described as drug paraphernalia.  Poisson also testified that officers found marijuana and $625 in cash when they searched Defendant.  Finally, Poisson testified that he submitted the recovered keys and trigger lock to the Buffalo Police Department property unit and evidence was presented that Defendant subsequently appeared to claim the property.

## III.  DISCUSSION

### A.    Rule 29

Rule 29(a) provides, in pertinent part, that upon the defendant's motion, a court must "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  The focus of a Rule 29 motion therefore falls on the sufficiency of the evidence presented in the government's case-in-chief.  See United States v. Saneaux, No. 03 CR 781, 2005 WL 2875324, at *2 (S.D.N.Y. Nov. 1, 2005).

A defendant challenging the sufficiency of the evidence bears a heavy burden.  See United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000); United States v. Walker, 142 F.3d 103, 112 (2d Cir.1998).  A district court may enter a judgment of acquittal on the grounds of insufficient evidence only if "after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002); see also

United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Skinner, No. 03-CR-11, 2005 WL 782811, at *1 (W.D.N.Y. Apr. 6, 2005).  Stated another way, "the court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is non-existent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (citation and quotation omitted).

When considering the trial evidence, "the court must be careful to avoid usurping the role of the jury." See Reyes, 302 F.3d at 52.  The court is not permitted to "substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Guadagna, 183 F.3d at 130 (internal quotations and citations omitted).  The court must give "full play" to the jury's credibility determinations, weighing of the evidence, and drawing of justifiable inferences of fact.  See United States v. Spadoni, No. 00-CR-217, 2005 WL 2275938, at *3 (D. Conn. Sept. 15, 2005) (citing Guadagna, 183 F.3d at 129).

To sustain its burden at trial on Count 2, the maintaining a drug-involved premises charge, the Government had to prove beyond a reasonable doubt that Defendant (1) permanently or temporarily maintained or used the place described in the indictment, (2) did so for the purpose of manufacturing, distributing, or using any controlled substance, and (3) acted knowingly.

With respect to Count 2, Defendant argues that the Government failed to prove that he did "knowingly . . . use or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." 21 U.S.C. § 856(a)(1).  Specifically, he argues that the Government did not prove beyond a reasonable doubt the second element of the offense—that the *purpose* for which he

maintained 11 Northumberland, upper apartment, violated 21 U.S.C. § 856(a)(1).

Defendant contends that there was no proof presented at trial that he maintained 11

Northumberland, upper apartment, for any purpose other than as his family home.

Acknowledging that he resides there with his immediate family, Defendant argues that the

marijuana recovered by police officers is consistent with no more than casual marijuana

use at his home by the three other residents and himself.  Defendant asserts that the

Government proved, at most, an isolated act of possession of marijuana, which, he argues,

is merely incidental to the purpose of residence and not a violation of the statute.

This Court finds Defendant's argument unpersuasive.  There was sufficient evidence

in the record—both direct and circumstantial—to prove that 11 Northumberland, upper

apartment, was a place maintained for the purpose of distributing marijuana.  Defendant

looks only to the direct evidence of the marijuana recovered from the closet and his person

to argue that the Government showed only that the purpose of the premises was a

residence with incidental drug possession.   However, this Court finds that the

circumstantial evidence provided to the jury through testimony of law enforcement

witnesses at trial was sufficient for conviction on this charge.

In addition to testifying about the marijuana found in the closet, Poisson testified that

he observed a scale in the residence, which he characterized as paraphernalia commonly

used by dealers to measure drug quantities.  A photograph of the scale was admitted into

evidence.  With respect to the $625 in cash recovered from Defendant, Poisson testified

that, based on his experience in retrieving similar sums of cash from drug dealers, carrying

such a quantity of cash is consistent with drug distribution.  This is sufficient circumstantial

evidence from which the jury could conclude that Defendant used and maintained the

upper apartment for the distribution of marijuana.  See United States v. Glenn, 312 F.3d

58, 64 (2d Cir. 2002) ("the prosecution may prove its case entirely by circumstantial evidence so long as guilt is established beyond a reasonable doubt"); United States v. Sureff, 15 F.3d 225, 228 (2d Cir. 1994) (finding that conviction may be based on circumstantial evidence).

Further, the evidence presented to the jury showed that the quantity of marijuana sectioned into plastic bags—exhibits that the jury was permitted to inspect upon request during deliberations—was concealed in a locked closet alongside two firearms. From this evidence, the jury could reasonably conclude that the marijuana recovered at the premises was a valuable commodity in need of protection and intended for distribution, rather than meant for personal use.   The jury could directly infer that Defendant's marijuana distribution was the purpose of the residence from the evidence presented; no inferential leap of any significant distance was required.  Cf. Glenn, 312 F.3d at 70 (noting that "as the inferential leap between the fact and the proposition to be derived grows, the probative value of the [circumstantial] evidence diminishes").

Thus, based on Defendant's presence during execution of the search warrant and the evidence of the utility bill indicating that Defendant resided on the premises, the quantity of marijuana and evidence of drug paraphernalia found in Defendant's residence, the additional quantity of marijuana along with a substantial sum of cash on Defendant's person, and Poisson's testimony regarding Defendant's possession of keys to the locked closet housing the drugs and guns, a jury could reasonably conclude that Defendant knowingly maintained the upper apartment premises for the distribution of marijuana.

In order to prove Count 4, the felon in possession of a firearm charge, the Government had to prove beyond a reasonable doubt that (1) Defendant had been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one

year, (2) Defendant knowingly possessed the firearm, and (3) the possession of the firearm affected interstate commerce.  The parties stipulated to the first element regarding Defendant's prior felony conviction and, although Defendant does not challenge the sufficiency of the evidence regarding the element of affecting interstate commerce, this Court finds the agent's testimony provided as to the third element to be sufficient to sustain the conviction.

With respect to Count 4, Defendant argues that the Government failed to prove the element that he knowingly possessed the firearms in the closet.  Defendant asserts that, because the evidence was inconsistent as to whether he exercised control over the closet where the marijuana and firearms were found, the Government's proof was sufficient to show only that he was found in proximity to the firearms, and no more.

Defendant relies on the evidence that Poisson, while testifying regarding keys that he believed to be recovered from Defendant at the time of his arrest, admitted that he did not observe the keys being taken directly from Defendant's person.  However, Poisson also testified that fellow officers had Defendant in custody at the time that the keys were procured, and, further, that the officers handed the keys to Poisson immediately after Defendant made statements regarding the keys.  This testimony provides sufficient circumstantial evidence from which the jury could reasonably infer that the keys were, in fact, procured from Defendant, despite the absence of Poisson's observation of the actual recovery of the keys.  See Glenn, 312 F.3d at 64.

This Court instructed the jury that the meaning of "possession" for Count 4 includes both actual and constructive possession, providing that "if you find that the defendant either had actual possession of the firearms, or that he had the power and intention to exercise control over them, even though they were not in his physical possession, you may find that

7

the government has proven possession." Jury Instructions, pp. 83–84; citing Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, Instr. 35-49 (2009).  Upon crediting Poisson's testimony that Defendant had actual possession of the keys to the closet containing the firearms as well as a trigger lock for one of the weapons, the jury could reasonably infer Defendant's constructive possession of the drugs and firearms locked within the closet.

Defendant also stresses that he submitted documentary evidence at trial of the notice prepared by Poisson's deceased partner, Officer Colon, which indicated that Defendant had *not* made any statements at the time of his arrest.  However, Poisson himself testified that, at the time of his arrest, Defendant stated that he had keys to the closet and that a firearm therein was purchased for him by his wife.  The Government's inability to corroborate Poisson's testimony only "raises a question as to the weight a jury might choose to give that testimony, not its legal sufficiency to support a conclusion," United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006).  Because the jury is "exclusively responsible" for making determinations of witness credibility, United States v. Strauss, 999 F.2d 692, 696 (2d Cir. 1993), this Court may not decide whether to credit or how much weight to give Poisson's testimony regarding Defendant's statement, despite the inconsistency as to whether a statement was made.  See United States v. Hamilton, 334 F.3d 170, 181 (2d Cir. 2003) ("the decision as to which of any conflicting accounts [is] to be credited [is] a matter for the jury").  Thus, although the form prepared by Colon indicates otherwise, the jury could reasonably believe Poisson's testimony that Defendant did, in fact, made a statement.

Finally, the Government introduced evidence that Defendant appeared at the Police Department's property unit to claim the keys and trigger lock.  This evidence alone is

8

sufficient for the jury to conclude that Defendant was the owner of both the keys and the firearms within the closet.  See Glenn, 312 F.3d at 64.

Based on Poisson's testimony that the keys were procured from Defendant's person at the time of his arrest and Poisson's recollection of Defendant's statements regarding the keys and ownership of the firearm, combined with evidence of Defendant's later retrieval of the keys and lock, the jury could reasonably conclude that Defendant knowingly possessed the firearms, providing sufficient evidence to convict him of Count 4.

Having presided over this trial and having heard the Government's evidence, this Court is fully satisfied that the Government's proof was sufficient on each and every element to support the jury's guilty verdict on both Counts 2 and 4.  This conclusion is particularly inescapable when the evidence and all reasonable inferences are considered in the light most favorable to the Government, as is required under Rule 29.  See Reyes, 302 F.3d at 52.  Accordingly, Defendant's request for a judgment of acquittal is denied.


**B.    Rule 33**

Rule 33 authorizes the court to "vacate any judgment and grant a new trial if the interest of justice so requires."  Eberhart v. United States, 546 U.S. 12, 13, 126 S.Ct. 403, 403, 163 L.Ed.2d 14 (2005) (per curiam).  While the standards governing Rule 29 and Rule 33 motions are similar, the Second Circuit has commented that "[g]enerally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances."  United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (citation and quotation omitted); see also United States v. Costello, 255

F.2d 876, 879 (2d Cir. 1958) ("it is well-settled that motions for new trials are not favored

and should be granted only with great caution").

In determining whether a new trial is required, "[t]he district court must strike a

balance between weighing the evidence and credibility of witnesses and not 'wholly

usurping' the role of the jury." United States v. Schlesinger, 390 F.Supp.2d 274, 275

(E.D.N.Y. 2005) (quoting Ferguson, 246 F.3d at 133, 134).  Generally, trial courts "must

defer to the jury's resolution of the weight of the evidence and the credibility of the

witnesses." United States v. LeRoy, 687 F.2d 610, 616 (2d Cir. 1982).  It is only in

exceptional circumstances that the court may invade the jury's function in this regard. See

Ferguson, 246 F.3d at 133-134 (citing United States v. Sanchez, 969 F.2d 1409, 1413 (2d

Cir. 1992)).  Exceptional circumstances may be found, for example, where the trial

testimony or evidence is "patently incredible or defies physical realities." Sanchez, 969

F.2d at 1413.

The Second Circuit has set forth the relevant considerations as follows:

> The ultimate test on a Rule 33 motion is whether letting a guilty
> verdict stand would be a manifest injustice.  The trial court
> must be satisfied that competent, satisfactory and sufficient
> evidence in the record supports the jury verdict.  The district
> court must examine the entire case, take into account all facts
> and circumstances, and make an objective evaluation.  There
> must be a real concern that an innocent person may have
> been convicted.

Id.

Initially, the Government opposes Defendant's motion for a new trial on the grounds

that it is untimely.  Rule 33 provides that "[a]ny motion for a new trial grounded on any

reason other than newly discovered evidence must be filed within 14 days after the verdict

or finding of guilty." Fed. R. Crim. P. 33(b)(2).  Defendant filed his Rule 33 motion on

March 23, 2011, more than 14 days after the guilty verdict on March 3, 2011. Thus, Defendant's Rule 33 motion for a new trial is untimely and must be denied, unless Defendant's late filing is the result of "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

In his reply papers, Defendant argues that, following the return of the jury verdict, this Court set dates for the filing of further post-trial motions that were outside the 14-day limit. Although this Court granted Defendant's request to supplement his Rule 29 motion, it subsequently set a schedule specifically for Rule 29 motion filings only. Nonetheless, it appears that there was some confusion regarding this Court's Scheduling Order. Since the Government is not prejudiced by Defendant's late filing, this Court concludes that Defendant's delay in seeking a new trial was due to excusable neglect. See United States v. Midyett, No. 07-CR-874, 2010 WL 1992191, at *2 (E.D.N.Y. May 14, 2010).

Defendant argues that he is entitled to a new trial because this Court admitted Officer Poisson's testimony regarding Defendant's post-Miranda statements, despite this Court's denial of Defendant's request for a pretrial hearing regarding the statements and, further, in the absence of a jury instruction regarding voluntariness of a confession. Defendant also seeks a new trial on the grounds that this Court erred in its jury instructions regarding Counts 2 and 4 of the Indictment, the charges for which the jury found him guilty.

Defendant's first argument revisits his pretrial Motion to Suppress the post-Miranda statements or to dismiss the Indictment due to the Government's belated disclosure of the statements, or in the alternative, for a hearing regarding suppression of the statements. In response, the Government represented that the statements were promptly produced to Defendant upon discovery of the evidence, and this Court found the disclosure proper under Federal Rule of Criminal Procedure 16(c). This Court then denied Defendant's motion, noting that although a motion to suppress statements may warrant an evidentiary

11

hearing, a defendant is not automatically entitled to a hearing without a preliminary showing of "sufficiently definite" facts. United States v. Pena, 961 F.2d 333 (2d Cir. 1992). This Court found that because no such facts were alleged and, indeed, because this Court was not made aware of the precise statements at issue, the request for a hearing was denied and no determination was made as to whether the statements amounted to a confession. A review of the record reflects that Defendant filed three subsequent pretrial motions, but did not revisit the issue of his post-Miranda statements to provide the Court with greater specificity. (Docket Nos. 77, 91, 92.)

At trial, there was testimony concerning Defendant's post-Miranda statements to Poisson regarding keys to the locked closet that housed the marijuana and firearms, as well as details pertaining to the purchase of the firearms on his behalf. Defendant had the opportunity to cross-examine Poisson about the post-Miranda statements, and, in fact, introduced evidence that a police form submitted by Poisson's partner indicated that Defendant made *no* post-Miranda statements. Because the jury properly had the opportunity to weigh the totality of the evidence and determine the credibility of the witnesses, this Court finds that Poisson's testimony on the subject of Defendant's statements did not unfairly prejudice the jury against him. This Court further finds that there was sufficient evidence apart from Poisson's testimony regarding the statements for the jury to convict Defendant of both Counts 2 and 4. See supra pp. 5–6, 8.

Defendant also argues that it was error for that testimony to be admitted without an instruction to the jury on the voluntariness of a confession. As previously noted, Defendant elected to defend himself. This Court found that, although unwise, Defendant knowingly and voluntarily chose to undertake his own representation. This Court repeatedly warned Defendant that representing himself would likely prove a grave error in judgment,

particularly given the disparity in legal knowledge and skill between himself and the prosecutors.  This Court appointed an attorney to serve in the advisory role of stand-by counsel at trial.  Although this Court urged Defendant in the strongest possible terms to allow his stand-by counsel to act as his attorney, Defendant chose to defend himself.

Before trial, Defendant objected to the Government's proposed jury charges with respect to an erroneous reference to cocaine base in its submissions and a method of determining a violation of 18 U.S.C. § 2(a), both of which this Court resolved at a pretrial status appearance.  Neither at that pretrial appearance, nor at the charge conference during trial—at which time the parties had the opportunity to review the proposed final jury charges—did Defendant propose a jury instruction regarding the voluntariness of a confession, nor did Defendant propose jury instructions for the specific elements of Counts 2 and 4 of the Indictment that he now argues were erroneously charged.  Thus, his challenges to the lack of such instructions are therefore waived.  See United States v. Crowley, 318 F.3d 401, 414 (2d Cir. 2003).

Indeed, Defendant argues, for the first time, that this Court erroneously instructed the jury as to Count 2 of the Indictment.  Specifically, Defendant argues that this Court failed to instruct the jury that a conviction under 21 U.S.C. § 856(a)(1) requires proof of Defendant's purpose in maintaining the premises at 11 Northumberland, upper apartment, for manufacturing, distributing, or using drugs by more than just one instance of drug-related activity.  In rejecting this argument, this Court first finds that Defendant waived any challenge to this instruction by neither objecting to the proposed instruction regarding this element during the charge conference, nor objecting after the instruction was delivered. See Crowley, 318 F.3d at 414.

Further, this Court charged the jury with respect to Count 2 that, in order to establish

13

the second element of Defendant's purpose, "the government must prove that the drug activity was a significant or important reason why defendant maintained the place. The government is not required to prove that the drug activity was the defendant's only purpose in maintaining the place, although that would obviously satisfy this element." Jury Instructions, p. 63; Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, Instr. 56-42 (2009). This Court finds that this instruction is sufficient to properly address the required proof for the element of Defendant's purpose under 21 U.S.C. § 856(a)(1).

Defendant further asserts that this Court erroneously instructed the jury as to Count 4 of the Indictment, arguing that this Court failed to instruct the jury with respect to sole or joint possession of the firearm for conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). However, this Court charged the jury with respect to Count 4 that, in order to establish the second element of Defendant's possession of the firearm, "the law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another. Proof of ownership of the firearm is not required." Jury Instructions, p. 84; citing Leonard B. Sand, et al.,Modern Federal Jury Instructions – Criminal, Instr. 35-49 (2009). This Court finds that the language of this charge is sufficient to properly instruct the jury with respect to the element of Defendant's possession of the firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Moreover, this Court finds that here, too, Defendant waived any challenge to this charge by failing to object to the proposed instruction regarding this element during the charge conference or after it was delivered to the jury. See Crowley, 318 F.3d at 414.

Accordingly, Defendant's arguments in support of a new trial fail.  Because Defendant has failed to establish that the jury verdict was seriously erroneous or a miscarriage of justice, this Court finds no cause to grant him a new trial.  See Spadoni, 2005 WL 2275938, at *11.


## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion seeking a judgment of acquittal or a new trial is denied.


## V.  ORDER

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment of Acquittal or a New Trial (Docket No.111) is DENIED.

SO ORDERED.


Dated:   June 23, 2011
        Buffalo, New York

                                   /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                        Chief Judge
                               United States District Court