UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EMERSON ANTHONY HAYNES,

                              Petitioner,

              v.                                        **DECISION AND ORDER**
                                                           14-CV-1002S
UNITED STATES OF AMERICA,                                   08-CR-382S

                              Respondent.

## I. INTRODUCTION

Presently before this Court are two motions by *pro se* Petitioner Emerson Anthony Haynes, also known as Anthony Haynes, a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, and a Motion for an Evidentiary Hearing.  For the reasons discussed below, Petitioner's motions are denied.

## II. BACKGROUND

On March 3, 2011, after a four-day trial, the jury returned a guilty verdict against Petitioner on Counts 2 and 4 of a four-count redacted indictment, which charged him with violating 21 U.S.C. § 856(a)(1) (maintaining a drug-involved premises) and 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm), respectively.[1] (Docket No. 108.)  Petitioner was sentenced on August 31, 2011, to a term of incarceration of 18 months and a term of supervised release of two years on each

---

[1] The first count of the redacted Indictment charged Defendant with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (possession of marijuana with intent to distribute).  The third count of the redacted Indictment charged Defendant with violating 18 U.S.C. § 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime).  The jury acquitted Defendant on Counts 1 and 3.

Originally, the unredacted Indictment contained five substantive counts, plus a one-count forfeiture allegation that was not submitted to the jury.  The third count of the unredacted Indictment charged Defendant with violating 21 U.S.C. § 846 (conspiracy to commit the offenses charged in Counts 1 and 2 of the Indictment).  This Court granted the Government's motion to dismiss the original Count 3 shortly before trial on February 23, 2011.

1

count, to run concurrently.   (Docket No. 129.)   A written judgment was filed on

September 7, 2011.  (Docket No. 133.)

Petitioner appealed, and the Second Circuit Court of Appeals affirmed the jury

verdict and issued a mandate on November 4, 2014.  (Docket No. 168.)   The *pro se*

direct appeal made several allegations, including:   (1) outrageous conduct by the

government; (2) improper use of evidence that had been sealed after dismissal of a

state court case; (3) ineffective assistance of counsel; (4) grand jury irregularities; (5)

vindictive prosecution; and (6) speedy trial violations.  See United States v. Haynes, 580

F. App'x 37, 37 (2d Cir. 2014).  In the affirmation, the Second Circuit stated:

> Upon review of the record, we conclude that the district court properly
> denied Haynes's pretrial motions seeking to dismiss the indictment and to
> suppress evidence.   Haynes based his motions on unsupported
> allegations that the grand jury considered improper evidence, the
> prosecution was vindictive, the Government's conduct was "outrageous,"
> and his speedy trial rights were violated.  We further conclude that Haynes
> was not denied his right to challenge the validity of the search warrant. . . .
> We also find no support in the record for Haynes's contentions that the
> district court acted as a "rubber stamp" for the Government, or that the
> court colluded with the Government and standby counsel to violate his
> rights.

Id. at 37-38.   However, with respect to allegations that Petitioner made regarding

ineffective assistance of counsel, the Second Circuit found that "those claims should be

made in the first instance to the district court."   Id. at 38.

Petitioner's term of imprisonment ended on December 7, 2012, and his period of

supervised release ended on December 6, 2014.[2]   On November 25, 2014, Petitioner

---

[2]   The Government challenges the timing of Petitioner's motion because, as of the filing of the
Government's response on April 23, 2015, Petitioner was no longer in custody.  However, Petitioner was
under a term of supervised released at the time of filing this petition, and was therefore "in custody"
pursuant to 28 U.S.C. § 2255.   See, e.g., Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) ("In
sum, the habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief
solely from persons who satisfy the status or condition of being 'in custody' at the time the petition is filed,
and a petitioner under supervised release may be considered 'in custody.'").

filed the instant motion pursuant to 28 U.S.C. § 2255.  (Docket No. 169.)

# III. DISCUSSION

## A.    Petitioner's § 2255 Motion

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice."  Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).  Petitioner bears the burden of proving such a fundamental defect.  See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).

Construing Petitioner's *pro se* arguments liberally, as this Court must, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. Jan. 26, 1999) (per curiam), Petitioner makes three arguments.  First, Petitioner contends that his conviction was obtained pursuant to an unlawful arrest.  Second, Petitioner contends that his due

process was violated by outrageous government conduct. Third, Petitioner contends that his attorney failed to provide effective assistance.

    1. <u>Unlawful Arrest and Outrageous Government Conduct</u>

In support of Petitioner's first two arguments, that he was denied due process through an unlawful arrest and outrageous government conduct, Petitioner largely repeats the same allegations and arguments that he made in his direct appeal. With respect to the allegation of unlawful arrest, Petitioner argues that the arrest was obtained by a criminal complaint supported by evidence that had been sealed following dismissal of his state case.[3] With respect to outrageous government conduct, Petitioner alleges: (1) this Court failed to inform Petitioner of the circumstances under which he could secure pre-trial release and his right to a preliminary hearing; (2) on October 6, 2008, the Government failed to move for a detention hearing; (3) on May 10, 2010, this Court denied (a) Petitioner's request for a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), (b) his motion to dismiss for Grand Jury irregularity, (c) his motion to dismiss for pre-indictment delay, and (d) his motion to suppress certain evidence; (4) on July 1, 2010, this Court denied Petitioner's motion to dismiss for vindictive prosecution; (5) on October 15, 2010, this Court denied Petitioner's motion to suppress evidence concerning sealed New York State records pertaining to his case; (6) on November 23, 2010, this Court again denied Petitioner's motion to suppress evidence concerning sealed New York State records pertaining to

---

[3] The Petition appears to group factually unrelated allegations regarding ineffective assistance of counsel together with the argument regarding unlawful arrest. (See Docket No. 169 at unnumbered page 6 (grouping his allegations regarding appearance before the magistrate and defense counsel's waiver of preliminary hearing with "Ground (1)," unlawful arrest)). In his reply, Petitioner restates these allegations in his argument regarding ineffective assistance of counsel. This Court considers them below, together with the ineffective-assistance-of-counsel allegations.

his case and requests for hearings pursuant to <u>Napue v. Illinois</u>, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L. Ed. 2d 1217 (1959) and <u>Jackson v. Denno</u>, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), and a request to determine the voluntariness of his confession; (7) on December 22, 2010, this Court dismissed Petitioner's motion to dismiss based upon Speedy Trial Act and Sixth Amendment violations; (8) on February 23, 2011, this Court dismissed Petitioner's outrageous conduct motion without holding an evidentiary hearing; and (9) on June 23, 2011, this Court denied Petitioner's motion for a judgment of acquittal and motion for a new trial.

These arguments, supported by essentially the same factual allegations, were raised by Petitioner as part of his *pro se* appeal brief.  See <u>Haynes</u>, 580 F. App'x at 37. "[T]he trial court is 'barred from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals.'" <u>United States v. Minicone</u>, 994 F.2d 86, 89 (2d Cir. 1993) (quoting <u>United States v. Uccio</u>, 940 F.2d 753, 757 (2d Cir. 1991)). Therefore, to the extent that the Second Circuit has already considered and rejected these issues, Petitioner is "barred from re-litigating them here." <u>United States v. Sykes</u>, No. 05-CR-6057 CJS, 2011 WL 282356, at *5 (W.D.N.Y. Jan. 26, 2011) (citing <u>United States v. Pitcher</u>, 559 F.3d 120, 124 (2d Cir. 2009); <u>Yick Man Mui v. United States</u>, 614 F.3d 50, 55 (2d Cir. 2010) ("a Section 2255 petitioner may not relitigate questions which were raised and considered on direct appeal") (citation and internal quotation marks omitted)).[4]

But even if the Second Circuit had not considered and decided on these issues,

---

[4] Even if Petitioner's arguments vary slightly from his direct appeal, they would nevertheless be barred. "The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." <u>Yick Man Mui</u>, 614 F.3d at 53 (citation omitted).

they would nevertheless be procedurally barred unless Petitioner can show cause as to why he failed to raise the issue on his direct appeal and resulting prejudice, or show actual innocence.  Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005) (Section 2255 movant who fails to raise issue on direct appeal procedurally forfeits his claim unless he shows "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence.") (citation omitted); Yick Man Mui, 614 F.3d at 54 ("A second rule that applies in the Section 2255 context prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice.") (citation omitted).  Petitioner makes no argument as to why he may have failed to raise an issue on his direct appeal, nor does Petitioner argue that he is actually innocent.

Accordingly, Petitioner is barred from re-litigating these issues.

2. Ineffective Assistance of Counsel

Petitioner's ineffective-assistance-of-counsel claims may be brought in his collateral proceeding under § 2255 regardless of whether they could have been raised, or were raised, on direct appeal.[5]  See Massaro v. United States, 538 U.S. 500, 508-09, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).  In his Petition, Petitioner raised three claims for ineffective assistance of counsel.  Petitioner repeats these claims and adds a number of additional factual allegations in his reply papers.  The ineffective-assistance-of-counsel claims relate solely to the time period between October 6, 2008, when Petitioner was arrested and taken into federal custody, and December 30, 2008, when

---

[5] The Second Circuit noted that such claims are better resolved by this Court in the first instance when resolving Petitioner's direct appeal.  See Haynes, 580 F. App'x at 38 ("With respect to Haynes's ineffective assistance of counsel claims, those claims should be made in the first instance to the district court.").

an indictment was filed.  Petitioner informed the Court that he would be proceeding *pro se* on January 9, 2009.

To succeed on his ineffective-assistance-of-counsel claims and secure reversal of his conviction on the ground of inadequate legal representation, Petitioner must satisfy both prongs of the two-prong test from <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To satisfy the first prong of the <u>Strickland</u> test, Petitioner must establish that his counsel's conduct fell below "an objective standard of reasonableness" under "prevailing professional norms."  <u>See</u> <u>Strickland</u>, 466 U.S. at 688.  Under the first prong, the Court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' and be watchful 'to eliminate the distorting effects of hindsight.'"  <u>Aparicio v. Artuz</u>, 269 F.3d 78, 95 (2d Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 689).  To satisfy the second prong of the <u>Strickland</u> test, Petitioner must establish that his attorney's "deficient performance prejudiced the defense."  <u>See</u> <u>Strickland</u>, 466 U.S. at 687 (noting that, to satisfy the second prong of the test, counsel's errors must have had such "an adverse effect on the defense . . . [that] but for counsel's unprofessional errors, the result of the proceeding would have been different").  The Second Circuit normally "requires some objective evidence other than defendant's assertions to establish prejudice."  <u>Pham v. United States</u>, 317 F.3d 182, 182 (2d Cir. 2003).

Because both parts of the Strickland test must be satisfied for a petitioner to establish ineffective assistance of counsel, failure to satisfy one part of the test frees a district court from assessing whether the petitioner satisfied the other part of the test.  <u>Strickland</u>, 466 U.S. at 697 (noting that a court need not "address both components of

the [two-part <u>Strickland</u>] inquiry if the defendant makes an insufficient showing on one").

Each of the ineffective-assistance arguments made by Petitioner fails to meet the <u>Strickland</u> test. First, Petitioner makes a number of arguments regarding violations of speedy trial rights, including a claim that he was not promptly taken for an appearance before a Magistrate.[6] Petitioner has made the same or similar contentions previously, in his omnibus motion (Docket No. 19) and his appeal (<u>see</u> <u>Haynes</u>, 580 F. App'x at 37), and both this Court and the Second Circuit found no violation of Petitioner's speedy trial rights. Because "[t]he Second Circuit dismissed that argument as meritless, . . . the ineffective assistance claim is also meritless." <u>Magassouba v. United States</u>, No. 03 CR 985 RPP, 2013 WL 5780767, at *7 (S.D.N.Y. Oct. 25, 2013).

And, even if the Speedy Trial Act's time limits were exceeded, Petitioner's ineffective assistance of counsel claim must fail unless he can show that counsel's failure to move to dismiss on those grounds prejudiced the case. <u>See</u> <u>Strickland</u>, 466 U.S. at 694. In other words, if the court would have dismissed the case without prejudice upon counsel's motion to dismiss for violation of the Speedy Trial Act, then Petitioner's sentence cannot be vacated under § 2255. <u>Id.</u> The determination of whether to dismiss a case with or without prejudice is up to the discretion of the district court and will only be overturned upon a finding of abuse of discretion. <u>United States v. Wilson</u>, 11 F.3d 346, 352 (2d Cir. 1993). The factors that the district court must consider when deciding whether to dismiss a case with or without prejudice due to a Speedy Trial Act violation are (1) the seriousness of the offense, (2) the facts and circumstances of case leading to dismissal, and (3) the impact that reprosecution would

---

[6] Although Petitioner claims that he was not brought before "a U.S. Magistrate until after 30 days from the date of his unlawful arrest" (Docket No. 169 at 6), the docket indicates that he was in fact brought before a Magistrate Judge on October 6, 2006, the same day that he was arrested. (<u>See</u> Docket No. 2.)

have on the administration of the Speedy Trial Act and justice.  18 U.S.C. § 3162(a)(2); see United States v. Hernandez, 863 F.2d 239, 243-44 (2d Cir. 1988) (finding an isolated violation of the Speedy Trial Act, where offense was serious, delay was short and there was no evidence of bad faith or a pattern of neglect, did not warrant dismissal with prejudice).

Petitioner's crimes of conviction, maintaining a drug-involved premises and felon in possession of a firearm, are serious offenses.  Furthermore, the underlying circumstances leading up to a potential dismissal show no lackadaisical attitude towards the Speedy Trial Act that can be attributed to the prosecution, such that dismissal with prejudice is warranted in order to send a message to the prosecutor's office.  Therefore, assuming arguendo that a violation of the Speedy Trial Act occurred warranting dismissal, this Court would not have dismissed the case with prejudice.  Because counsel's conduct did not fall below an objective level of diligence for failure to file a motion to dismiss upon a meritless Speedy Trial Act claim, and there is no probability that the case would have arrived at a different outcome had counsel made that motion (even assuming that the motion was meritorious), Petitioner's arguments regarding Speedy Trial Act violations must fail.

Second, Petitioner contends, without any supporting facts or argument, that his counsel was ineffective when he failed to move for dismissal or release for lack of probable cause.  Such allegations "are too conclusory to meet Strickland's rigorous requirements."  See Castellano v. United States, 795 F. Supp. 2d 272, 282 (S.D.N.Y. 2011) (citing Matura v. United States, 875 F. Supp. 235, 237-38 (S.D.N.Y.1995) (rejecting bald assertion of counsel's deficiency as too conclusory to overcome the

Strickland presumption that counsel acted reasonably)).  Moreover, under the Strickland standard, failure to assert frivolous or otherwise meritless claims cannot serve as a valid ground to support a claim of ineffective assistance of counsel.  See Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009) ("It is well established that the failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which a defendant is entitled." (quotation marks, citations, and alterations omitted)).  Magistrate Judge Schroeder found sufficient probable cause to sign the criminal complaint against the Petitioner prior to his arrest, and Petitioner has presented no evidence that might have persuaded Judge Schroeder to dismiss the complaint. Moreover, the grand jury's indictment on December 30, 2008 effectively cured any probable cause deficiency that may have existed.  Accordingly, there is no reasonable likelihood that, had Petitioner's counsel moved for a dismissal or release for lack of probable cause, the result of the proceeding would have been different.

Third, Petitioner contends that his counsel was ineffective when he waived a preliminary hearing.  Petitioner's counsel's failure to request a hearing was objectively reasonable under the circumstances of this case, because a hearing would likely have been meritless.  See Ulloa v. United States, No. 10-CV-4409 DLI, 2013 WL 5530680, at *5 (E.D.N.Y. Sept. 30, 2013) ("counsel's failure to object to the Government's request that Petitioner be detained without bail was objectively reasonable under the circumstances of this case, because an objection would have been meritless").  It is likely that Petitioner's counsel reasoned that Judge Schroeder, having found sufficient evidence to conclude probable cause existed to sign the criminal complaint, would similarly find probable cause existed at a subsequent preliminary hearing.  Again,

"[f]ailure to make a meritless argument does not amount to ineffective assistance." United States v. Noble, 363 F. App'x 771, 773 (2d Cir. 2010) (quoting United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999)).  Even assuming arguendo that Petitioner's counsel's waiver of a hearing could be considered unreasonable, Petitioner has failed to show that there is a reasonable probability that such a hearing would have been successful.  Accordingly, this argument is without merit.

Fourth, Petitioner contends that his counsel knowingly made false statements for the purpose of obtaining continuances on October 6, 8, and 9, 2008 in violation of 18 U.S.C. § 3162(b).  Petitioner cites to the transcripts for each of these appearances, but does not quote the alleged false statements.  Based upon Petitioner's cites, the false statements include nearly everything that Petitioner's counsel said during these three appearances.  Those statements include Petitioner's counsel preserving Petitioner's right to preliminary hearing on October 6, 2008 (see Docket No. 161, Transcript of Proceedings on October 6, 2008, p. 10, l. 14-20), stating that counsel had nothing further to present on October 8, 2008 (see Docket No. 163, Transcript of Proceedings on October 8, 2008, p. 4, l. 15-17), and stating that the conditions of Petitioner's release set by the probation office seemed reasonable on October 9, 2008 (see Docket No. 165, Transcript of Proceedings on October 9, 2008, p. 3, l. 1-4).  Plaintiff provides no explanation as to how these statements constitute a violation of the statute, nor why these continuances prejudiced his case.  Nothing in the record suggests that counsel's statements were actually false and, even if they were, there is no indication that such false statements impacted the resolution of Petitioner's case.  Therefore, Petitioner has not established either prong of the Strickland test with respect to this argument.

Finally, Petitioner contends that counsel was ineffective when he consented to the Government's motion for an extension of time to file the indictment without consulting with Petitioner and against Petitioner's will.   "Although trial counsel has a duty to consult with a client regarding 'important decisions' . . . that obligation does not require counsel to obtain the defendant's consent to 'every tactical decision.'"   Gilliam v. Artus, 653 F. Supp. 2d 315, 332-33 (W.D.N.Y. 2009) (quoting Strickland, 466 U.S. at 688, 104 S. Ct. 2052 and Taylor v. Illinois, 484 U.S. 400, 417-18, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988) (attorney has authority to manage most aspect of the defense without obtaining his client's approval).   Giving consent to an extension of time constitutes a strategic decision by counsel, and Petitioner provides no basis to demonstrate how that decision was which was unreasonable or detrimental to the defense of Petitioner's case.

Accordingly, Petitioner has failed to show how any of the alleged shortcomings on the part of his counsel had any effect on the outcome of his case.   Because Petitioner is unable to demonstrate he was prejudiced by counsel's actions, his claims of ineffective assistance of counsel must be dismissed.

**B.     Evidentiary Hearing**

Petitioner has moved this Court for an evidentiary hearing to resolve alleged factual issues regarding his habeas petition, in particular with respect to his arrest and the timing of when he was taken into federal custody.   (See Docket Nos. 169 and 183.) Section 2255 provides that a court shall hold an evidentiary hearing "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"   Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013)

(quoting 28 U.S.C. § 2255).    Rule 4(b) of the Rules Governing Section 2255 Proceedings also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ."  Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. foll. § 2255.  On this issue, the Second Circuit has made clear that "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000)).

In the instant case, this Court determines that no evidentiary hearing is warranted because Petitioner's motion and the record in this case conclusively demonstrate that he is entitled to no relief under § 2255.  With respect to the ineffective assistance of counsel claim and the allegation that he was not promptly brought before a Magistrate Judge, Petitioner has identified no documents or evidence outside the record that might aid the court in making a determination on this claim.  The record clearly indicates that no violations took place and that Petitioner was promptly brought before a Magistrate; thus, Petitioner's argument fails to meet the Puglisi plausibility standard and an evidentiary hearing on any of Petitioner's claims is unwarranted pursuant to Rule 4(b).

## C.    Certificate of Appealability

For a certificate of appealability to issue, the Petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the required "substantial showing" the Petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted), *cert. denied*, 538 U.S. 950 (2003).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 169) is DENIED.

FURTHER, that Petitioner's Motion for an Evidentiary Hearing (Docket No. 183) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, it is hereby certified that any appeal taken in forma pauperis would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

FURTHER, that the Clerk of the Court is directed to close 14-CV-1002S.

SO ORDERED.

Dated: July 25, 2016
Buffalo, New York

/s/William M. Skretny
 WILLIAM M. SKRETNY
United States District Judge

15